UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY KRICHER, o/b/o
CATHERINE KRICHER,

      Plaintiff,

vs.                                  CIVIL NO.:  05-CV-73929-DT

COMMISSIONER OF              HON. JOHN FEIKENS
SOCIAL SECURITY,               MAG. JUDGE WALLACE CAPEL, JR.

      Defendant.
_____/

## REPORT AND RECOMMENDATION

**I.**    **RECOMMENDATION**

It is recommended that the Court grant Plaintiff's Motion for Summary Judgment, deny Defendant's Motion for Summary Judgment, and remand this case for further fact finding consistent with this Report.

**II.**    **REPORT**

This is an action for judicial review of the Defendant Commissioner's final decision denying Plaintiff's application for disability insurance benefits [DIB].  Plaintiff filed for benefits on January 28, 1992,[1] alleging that she had been disabled and unable to work since January 1, 1992, due to "severe arthritis of feet [and] ankle joints."  (TR 91-95).  The Social Security Administration [SSA] denied benefits initially and upon reconsideration on March 10, 1992 and June 29, 1992.  (TR 95-99, 108-09). A de novo hearing was held on October 20, 1993, before Administrative Law Judge [ALJ] Dennis

---

[1] Plaintiff signed her application for benefits on January 20, 1992.  (TR 93).

Runyan.[2]  (TR 240.)  In a decision dated October 28, 1993, the ALJ found that Plaintiff could perform some light work and the full range of sedentary work. (TR 240-54).  Accordingly, Plaintiff was found not disabled.  (TR 254).

Plaintiff requested review by the Appeals Council and on April 22, 1994, the Appeals Council remanded the case to the ALJ because: (1) the ALJ failed to adequately address evidence of Plaintiff's heart condition; and (2) he also disregarded new evidence regarding the use of her upper extremities, and improperly assessed credibility.  (TR 277-79). On December 1, 1994, a second hearing was held before ALJ Runyan. (TR 52-90).  In a decision dated March 30, 1995, the ALJ found that Plaintiff could perform some sedentary, light, and medium work.  (TR 28-41).  Accordingly, Plaintiff was found not disabled. (TR 41).  On May 6, 1996, the Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner.  (TR 6-7).  Plaintiff then appealed to district court. (TR 394-413).

Magistrate Judge Charles E. Binder issued a Report and Recommendation on January 23, 1997, recommending that Plaintiff's Motion for Summary Judgment be granted and that she be awarded benefits.  (TR 414-29).  On June 3, 1997, United States District Court Judge Robert H. Cleland adopted the recommendation in part, but remanded not for an award of benefits, but for further proceedings.  (TR 431-35).  On March 27, the Appeals Council issued an order vacating the 1995 decision and remanding the case.  (TR 439-440).

On June 1, 2001, a third hearing was scheduled before ALJ William Musseman, but no testimony was taken because it was determined that the remand order needed clarification.  (TR 520-28).  A fourth hearing, where claimant gave testimony, was held on August 7, 2001, before ALJ

---

[2]The index indicates that this hearing transcript "appears to be blank," and it is not part of the current record.  (TR ii).

Musseman. (TR 529-62). In a decision dated December 13, 2001, the ALJ found that Plaintiff could perform some light work, and was disabled beginning on November 14, 1999. (TR 374-82). On December 10, 2002, ALJ Musseman issued a supplemental decision denying benefits because of Plaintiff's last date insured, December 13, 1996. (TR 367-69). Accordingly, Plaintiff was found not disabled. (TR 369). On August 15, 2005, the Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. (TR 354-56). Plaintiff then appealed to district court.

### A.   PLAINTIFF'S TESTIMONY

In Plaintiff Motion for Summary Judgment, she specifically challenges the ALJ's residual functional capacity [RFC] and related questions to the vocational expert [VE], or lack thereof.[3] Thus, a lengthy recitation of Plaintiff's testimony from the various hearings is not necessary here.

### B.   MEDICAL EVIDENCE

Examination of the parties' cross-motions for summary judgment and the ALJs' decisions reveals that an additional recitation of the Plaintiff's medical evidence would be repetitive. The pertinent record medical evidence relied upon by this Court is fully articulated in the Analysis.[4]

### C.   VOCATIONAL EXPERT'S TESTIMONY

#### 1.   December 1, 1994 Hearing

Nancy Quinlan, a VE, testified at the hearing. (TR 81-89). She classified Plaintiff's past work as medium and semi-skilled. (TR 82). The VE stated that she did not have skills transferable to other work. Id. The ALJ presented a hypothetical question to the VE regarding whether a claimant with Plaintiff's age, education, and work experience, whose testimony was credible, was capable of

---

[3]Plaintiff's Motion for Summary Judgment and Brief filed November 22, 2005 (hereinafter "Plaintiff's Brief"), at pages 7-9.

[4]Subpart E, infra, at 7.

Plaintiff's past relevant work. (TR 83). The VE testified that Plaintiff would not be capable of doing her past work or any other work due to

> her need to elevate her feet above her heart three to four times a day for half an hour in duration, as well as her need to lay down daily. And Mr. Mullaney indicated it's the same as her previous testimony in the previous hearing, which my notes indicate two times a day for three hours.

Id.

The ALJ posed a second hypothetical question to the VE regarding assuming a claimant with Plaintiff's age, education, and work experience, who could "perform a job not requiring prolonged walking or standing; no vocationally significant problems due to high blood pressure." Id. The VE testified that she would be unable to do her past relevant work, but would be able to do sedentary work as well as some light work. (TR 83-84). The VE testified that under these limitations, Plaintiff would be able to perform the full range of sedentary unskilled jobs, numbering 234,000 positions. (TR 84). Further, the VE testified that such a claimant would be capable of performing the following reduced range of light, unskilled work: machine operator, 6,500 positions; inspector, 5,000 positions; order clerk, 2,200 positions; and self service gas station attendant, 8,600 positions. Id.

The ALJ posed a third hypothetical question assuming "following additional factors: the need to perform a job not requiring strong grip strength in, use of vibratory tools in, or repetitive use of the hands." (TR 84-85). The VE stated that these factors would preclude past relevant work and would limit the number of sedentary and unskilled positions. (TR 85). Further, the VE testified that such a claimant would be capable of performing the following sedentary, unskilled work: surveillance system monitor, 2,100 positions; order clerk, 3,300 positions; telephone solicitor, 4,200 positions; appointment clerk, 6,700 positions; telephone operator, 4,000 positions; and reservation clerk, 1,800 positions. (TR 85-86). The VE testified that under the third hypothetical, such a claimant could still do the order clerk

and self-service gas station attendant positions, previously testified to under the second hypothetical. (TR 86). Further, the VE testified that a claimant under the third hypothetical could do the following other light, unskilled work: teacher aide, 5,700 positions; usher, 1,000 positions; and sales clerk, 20,000 positions. Id. The VE testified that medium work would be excluded under the third hypothetical. Id.

The ALJ posed a fourth hypothetical, based on the medical evidence in Exhibits 56, 57, 59, 60, 62, and 64, assuming a claimant with Plaintiff's age, education, and work experience, with

> no chest pain; no problems walking; maximum weight to be lifted, 50 pounds; . . . [g]ood range of motion of the neck, shoulder, elbows, wrists, hands, hips, and knees; no vocationally significant problem due to blood pressure; range of motion of the knees preserved with no instability or swelling; a cardiac residual functional capacity for sedentary, light, and medium work.

(TR 86-87). The VE testified that such a claimant could perform the full range of sedentary, light, and medium work, numbering 234,000, 975,000, and 390,000 positions, respectively. (TR 87-88).

Plaintiff's counsel then questioned the VE. (TR 88-89). Plaintiff's counsel asked whether adding the limitations from the second hypothetical (no prolonged walking or standing) to the third hypothetical (no strong grip, no repetitive use of hands) would impact the positions mentioned in the third hypothetical. (TR 89). The VE stated that it would eliminate the light jobs, but not the sedentary jobs. Id.

### 2. August 7, 2001 Hearing

Ann Tremblay, a VE, testified at the hearing. (TR 558-60). She testified that the light, unskilled positions of teacher's aide, usher, and sales clerk are performed in the region in a manner generally consistent with their description in the Dictionary of Occupational Titles [DOT]. (TR 558). Upon questioning by Plaintiff's counsel, the VE stated that these positions were in the light range of work primarily due to the standing required by same. Id. Plaintiff's counsel continued to

5

question the VE. (TR 558-60). The VE stated that standing is required six to eight hours per day in the jobs listed, although the teacher's aide may only stand four hours per day. (TR 559). The VE stated that the sales clerk and usher would be standing constantly, whereas a teacher's aide may be up and down every fifteen minutes. Id.

The VE stated that the sales clerk could be handling clothing, but that it would depend on the retailer. Id. In addition, the VE responded affirmatively when Plaintiff's counsel asked her if working as a sales clerk typically "involve[s] some element of stocking, or inventory, or check racks, or straightening, . . . [p]erhaps pricing." (TR 559-60). If the clothes or other items are not already labeled, the VE stated that a sales clerk may use a pricing gun. (TR 560).

The VE stated that a teacher's aide may handle school supplies and perhaps stock a storeroom. Id. Further, a teacher's aide may "do more of checking papers, but there may be some assembly," such as putting together tests. Id.

In response to questioning by the ALJ, the VE testified that the need to elevate one's legs, due to swelling, to waist level for twenty minutes at a time to two hours, on an unpredictable basis would preclude employment. (TR 558).

### D.     ALJ'S CONCLUSIONS[5]

### December 13, 2001 and December 10, 2002 Decisions

After reviewing the testimony presented at the hearing and the medical evidence in the record, the ALJ found that the medical evidence establishes that the "claimant has possible coronary artery disease, pes planus (flat feet), previous arthrodesis of the left ankle, and gouty arthritis, impairments that are severe within the meaning of the Regulations [TR 377]," but that she does not

---

[5] Again, due to the specific nature of Plaintiff's argument a recitation of the ALJ's previous decision is not repeated here.

have an impairment or combination of impairments set forth in Appendix 1, Subpart P, Regulations No. 4 [TR 368, 380]. The ALJ found Plaintiff's testimony not fully credible. (TR 368, 378, 381). He determined that Plaintiff had the RFC to perform "light jobs incorporating a job requiring no strong grip strength, no use of vibratory tools, or repetitive use of the hands, no prolonged walking or standing and no vocationally significant problem due to blood pressure." (TR 368, 378, 381). Thus, the ALJ concluded that Plaintiff is not eligible for disability. (TR 369).

### E. ANALYSIS

Plaintiff advances three claims in her Motion for Summary Judgment. Plaintiff's Motion argues that the ALJ's decision is not supported by substantial record evidence because (1) the ALJ did not actually ask a hypothetical question to the VE at the 2001 hearing; (2) the VE did not testify to the positions listed in the decision; and (3) the ALJ did not verify that the jobs were consistent with the Dictionary of Occupational Titles.[6] In response, Defendant's Motion for Summary Judgment contends that the ALJ's decision is supported by substantial evidence.[7] The matter is now ready for decision.

#### 1. Standard of Review

This Court's review of the ALJ's conclusions is limited. The findings of the ALJ regarding Plaintiff's disabled status are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g) (2006). Substantial evidence means such evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971). It is more than a scintilla of evidence, but less than a preponderance of evidence. Brainard v. Sec'y of Health and Human

---

[6]Plaintiff's Brief at pages 7-9.

[7]Defendant's Motion for Summary Judgment and Brief filed June 5, 2006, (hereinafter "Defendant's Brief") at pages 6-12.

Servs., 889 F.2d 679, 681 (6th Cir. 1989). This standard presupposes that there is a "zone of choice" within which the ALJ may make a decision without being reversed. Felisky v. Bowen, 35 F.3d 1027, 1035 (6th Cir. 1994). Even if the court might arrive at a different conclusion, an administrative decision must be affirmed if it is supported by substantial evidence. Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986). Finally, consideration of the whole record does not mean that the ALJ must mention or comment on each piece of evidence submitted. Black v. Apfel, 143 F.3d 383, 386 (8th Cir. 1998). Applying these standards, I will analyze each of Plaintiff's claim.

**Discussion**

The ALJ relied on a combination of VE testimony from the December 1, 1994, hearing and the August 7, 2001, hearing. The testimony conflicts in that the first VE stated that all of the light jobs listed (i.e. teacher's aide, usher, and sales clerk) would be eliminated if the ALJ's second and third hypotheticals were combined.[8] (TR 88-89). However, upon questioning by Plaintiff's counsel, the VE at the August 7, 2001, hearing stated that although the usher and sales clerk positions require prolonged standing, the position of teacher's aide standing requirements "might not be quite that much . . . [and it] could be four [hours of standing]." (TR 559). Further, the VE testified that the "[t]eachers aide [sic] could be up and down. Maybe 15 minutes." Id.

As Defendant argues, if the teacher's aide is still able to be performed at the light exertional level at a number of 5,700 positions, that would still be a significant number of jobs and any error on the part of the ALJ would be harmless.[9] Hall v. Bowen, 837 F.2d 272 (6th Cir. 1988) (finding

---

[8] See supra at 5.

[9] Defendant's Brief at pages 11-12.

8

that between 1,350 and 1,800 jobs in the region constitute "work in significant numbers," although there is no "special number").

Thus, the issue is what number of teacher's aide positions are available with Plaintiff's limitations. Further, the question of whether standing four hours at a time is "prolonged standing" under the ALJ's RFC. The bottom line is that the VE at the most recent hearing never testified to any numbers.

The ALJ and Defendant would have the court rely on testimony from a VE in 1994 who stated that there were 5,700 teacher's aide positions. (TR 89). That same VE also stated, however, that if the ALJ's limitations regarding no "prolonged walking or standing; no vocationally significant problems due to high blood pressure [TR 83]," and "the need to perform a job not requiring strong grip strength in, use of vibratory tools in, or repetitive use of the hands [TR 84-85]" were combined [TR 89], then all the light jobs, including the teacher's aide, would be eliminated. The Defendant then argues that the testimony of the current VE states that a teacher's aide position with a sit/stand option at fifteen minute intervals exists in substantial numbers, but such testimony simply is not present. Defendant should not be allowed to have its cake and eat it too, by piecing together the testimony of two VEs set apart by almost seven years.[10]

### 2. Remand Versus Benefits

The remaining issue is whether remand or an award of benefits is the appropriate remedy for Plaintiff. It is firmly established that under § 405(g), a court may remand for an award of benefits "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." Faucher v. Sec'y of Health & Human Servs., 17 F.3d 171, 174

---

[10]It is noted in response to Plaintiff's third challenge (Plaintiff's Brief at page 8), that the VE did testify that the positions were compatible with their description in the DOT. (TR 558).

(6th Cir. 1994)(citations omitted).  More specifically, "[a] judicial award of benefits is proper only where the proof of disability is overwhelming or where the proof of disability is strong and evidence to the contrary is lacking."  Id. (citing Mowery v. Heckler, 771 F.2d 966, 973 (6th Cir. 1985)).

The ALJ relied on VE testimony that is outdated and inconsistent with his ultimate finding that Plaintiff was not disabled as of her last date insured.  The VE testimony from previous hearing and the present hearing is inconsistent.  Remand is necessary for further VE questioning, and related fact finding is necessary.

### III.   CONCLUSION

For the reasons stated, I respectfully recommend that the court **GRANT** Plaintiff's Motion for Summary Judgment, **DENY** Defendant's Motion for Summary Judgment, and **REMAND** this case to the Defendant Commissioner for further fact finding consistent with this Report.

Pursuant to Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b)(1), the parties are hereby notified that within ten days after being served with a copy of the recommendation, they may serve and file specific, written objections.  The parties are further informed that failure to timely file objections may constitute a waiver of any further right of appeal to the United States Court of Appeals.  United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

In accordance with the provisions of Fed. R. Civ. P. 6(b), the court in its discretion, may enlarge the period of time in which to file objections to this report.

                                            s/Wallace Capel, Jr.
                                            **WALLACE CAPEL, JR.**
                                            **UNITED STATES MAGISTRATE JUDGE**

**Dated:**   August 16, 2006

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

**CERTIFICATE OF SERVICE**

I hereby certify that on August 16, 2006, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Janet L. Parker and Mikel E. Lupisella,

and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participant(s): Social Security Administration, Office of the Regional Counsel, 200 W. Adams Street, 30th Floor, Chicago, Illinois 60606.

                      s/James P. Peltier
                      United States District Court
                      Flint, Michigan 48502
                      810-341-7850
                      E-mail: pete_peltier@mied.uscourts.gov